UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Matarr Ceesae,<br><br>                                Plaintiff,<br>    -v-<br><br>TT's Car Wash Corp.,<br>Dayana Trading Inc., and<br>Tom Thomas,<br><br>                              Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Matarr Ceesae ("Plaintiff" or "Ceesae"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants TT's Car Wash Corp., Dayana Trading Inc., and Tom Thomas (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving

notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff Matarr Ceesae ("Plaintiff" or "Ceesae") is an adult, over eighteen years old, who currently resides in Kings County, New York.

8. Upon information and belief and at all times relevant herein, TT's Car Wash Corp. ("TT's") was a New York for-profit corporation.

9. Upon information and belief, and at all times relevant herein, Dayana Trading Inc. ("DT") was a New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, the corporate Defendants TT's Car Wash Corp., and Dayana Trading Inc. owned/controlled/managed by Defendant Tom Thomas ("Thomas"), who was in charge of the operations and management of said corporate Defendants.

11. Upon information and belief and at all times relevant herein, the corporate Defendants TT's Car Wash Corp., and Dayana Trading Inc. were owned/controlled/managed by Defendant

Tom Thomas and were his alter ego, and it was Defendant Thomas who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. At all times relevant herein, Defendant TT's Car Wash Corp., and Dayana Trading Inc. were listed on Plaintiff's weekly pay statements as his employers, at separate times during his employment with Defendants.

13. Upon information and belief, Defendants TT's Car Wash Corp., Dayana Trading Inc., and Tom Thomas shared a place of business in Kings County, New York, at 1092 Loring Avenue, Brooklyn, NY 11206.

14. At all times relevant herein, Plaintiff was individually, and/or jointly employed by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all times relevant herein, Defendants were engaged in the business of providing oil change and car wash services to the public within the New York state area.

16. Upon information and belief, and at all times relevant herein, Defendants individually, and/or jointly employed approximately seven or more employees.

17. Plaintiff was employed by Defendants, individually, and/or jointly from in or around June 2010 to on or about May 11, 2016 except for a ten month period in or around 2012.

18. At all times relevant herein, Plaintiff was employed by Defendants as an as an oil change technician and lube operator.

19. At all times relevant herein, Defendants paid Plaintiff at an hourly rate of about $8- $9 an hour, at separate times during his employment with Defendants.

20. At all times relevant herein, Plaintiff was also paid a commission which varied each week from between $150-$200.

21. From the beginning of Plaintiff's employment with Defendants in or around June 2010 to in or around August 2015, Plaintiff worked about 72 hours each week for Defendants, 6 days/wk – During this period, Plaintiff was paid separately for his overtime hours at his straight regular rate.

22. From in or around August 2015 until his termination on or about May 11, 2016, Plaintiff worked about 60 hrs/wk, 5 days a week - During this period, Plaintiff was paid for about 7.5 overtime hours at 1.5 times his regular rate and for the remaining overtime hours, he was paid separately at his straight regular rate.

23. Plaintiff's work hours and wages will be refined when Defendants produce Plaintiff's employment, wage and time records it was required to keep under the FLSA and NYLL and accurate copies of such records incorporated herein.

24. At all times relevant herein, Defendants had a policy and practice of willfully failing to include Plaintiff's weekly commissions in his weekly wages when computing Plaintiff's overtime wages which resulted in an underpayment of overtime wages in each week during Plaintiff's employment with Defendants.

25. Throughout his employment with Defendants, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendants in each and all weeks, but was not paid at a rate of at least 1.5 times his regular rate (including commissions) for <u>each</u> and all hours worked in excess of forty hours in each week.

26. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate (including commissions) of pay for each and all hours worked in excess of forty hours a week.

27. At all relevant times herein, Defendants' overtime violation included Defendants' failure to include the commissions paid to Plaintiff in the calculation of Plaintiff's overtime wages.

28. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

29. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not state all wages earned nor all hours worked by Plaintiff, among other deficiencies.

30. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of lube oil, car parts, and accessories.

33. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

34. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

35. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

37. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be

longer.

38. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

39. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

40. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

41. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

42. "Plaintiff" as used in this complaint refers to the named Plaintiff.

43. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime**
## **FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

46. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the

production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

47. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay (including commissions) for each hour worked in excess of forty hours in each work week, as set forth above, in violation of 29 U.S.C. § 207.

**Relief Demanded**

49. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)**

50. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

52. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay (including commissions) for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

54. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 53 above with the same force and effect as if fully set forth at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

56. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, for failing to pay Plaintiff all the non-overtime wages and overtime wages Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

59. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime, and non-overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

60. Declare Defendants (including their overtime and wage payment policy and practice) to be in violation of the rights of Plaintiff, under the FLSA, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder;

61. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

62. As to the **Second Cause of Action**, award Plaintiff, his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

63. As to the **Third Cause of Action**, award Plaintiff, any and all outstanding wages, including his unpaid non-overtime and overtime wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

64. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

65. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
January 18, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF