# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                 Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                     Fax: 718-740-2000
*Employment and Labor Lawyer*                                          Web: www.abdulhassan.com

**November 1, 2017**

**Via ECF**

Hon. Allyne R. Ross, USDJ
Hon. Lois Bloom, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re: Matarr Ceesae v. TT's Car Wash Corp. et al.**
> Case No.  17-cv-00291 (ARR)(LB)
> Motion for Settlement Approval

Dear Judge Ross/Magistrate-Judge Bloom:

     My firm represents plaintiff Matarr Ceesae ("Plaintiff" or "Ceesae"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's October 5, 2017 order which states in relevant part as follows:

> The parties shall file a motion for settlement approval in accordance with Cheeks v. Freeport Pancake Inc., 796 F.3d 199 (2d Cir. 2015) by November 1, 2017. Ordered by Magistrate Judge Lois Bloom on 10/5/2017. (Doody, Sara)

     Defendants Dayana Trading Inc., TT's Car Wash Corp., and Tom Thomas (hereinafter collectively "Defendants"), and Plaintiff, all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

Plaintiff was employed with Defendants for about six years ending on or about May 11, 2016 – about 224 weeks under the NYLL six-year statutes of limitations – about 70 of which are covered under the FLSA two-year statute of limitations for non-willful violations – Plaintiff's employment ended on May 11, 2016 and the complaint was filed on January 18, 2017. In general, allegations are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. The parties conducted discovery and Plaintiff was deposed – more information was also exchanged informally.

Based on the allegations in the complaint, we have alleged unpaid overtime wages for the NYLL statute of limitations period of approximately $48,806.50. Assuming a two-year statute of limitations under the FLSA, we have FLSA overtime wages of $12,757.25. By contrast, Defendants deny Plaintiff's allegations that he is owed wages. Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each). The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Once again, Defendants deny any liability under these claims.

The gross settlement amount between Plaintiff and Defendants is $37,500, inclusive of fees and costs payable in three monthly installments. (See Ex. 1, ¶ 2).

Under the settlement, Plaintiff will be receiving $24,590. (See Ex. 1 ¶ 2). Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Six Hundred and Fifteen Dollars ($615) in filing ($400) and service costs ($215), plus a 1/3 contingency fee of Twelve Thousand, Two Hundred and Ninety-Five Dollars ($12,295) (Ex. 1 ¶ 2)[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order); See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

      In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff will receive nothing. Second, there is an absence of complete and accurate contemporaneous time and wage records. Third, it appears that Defendants cannot afford to pay a higher settlement amount as they claim – and as the installment nature of the settlement further indicate. Fourth, the settlement amount is not trivial – the amount Plaintiff is due to receive under the settlement, can be reasonably viewed as exceeding the amount of FLSA-protected overtime wages alleged by Plaintiff using the two-year statute of limitation period. Fifth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

      Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**    **Defense Counsel via ECF**