# SETTLEMENT AGREEMENT AND RELEASE

Matarr Ceesae ("Ceesae" or "Plaintiff" or "Plaintiff Ceesae") and Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas, and the aforementioned entities'/individual's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (collectively "Defendants' Released Parties"), and desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" or "Plaintiff Ceesae" shall be defined to include, but is not limited to, Matarr Ceesae, and all affiliated persons or entities, including, but not limited to, his present or former spouse, domestic partner, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.

   b. "Defendants" shall be defined as Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas.

   c. "Defendants' Released Parties" shall be defined to include but is not limited to Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas, and the aforementioned entities'/individual's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future.

   d. Plaintiff Ceesae alleges he was employed by Defendants Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas, individually and/or jointly, from in or around June 2010 to on or about May 11, 2016.

   e. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants in the United States District Court, Eastern District of New York, titled <u>Ceesae v. TT's Car Wash Corp. TT's Car Wash Corp., and Tom Thomas</u>, with Civil Action No.: 17-CV-0291-ARR-LB.

   f. "Agreement" refers to this Settlement Agreement And Release.

2. **Consideration**.  In consideration for Plaintiff Ceesae's signing this Agreement and the releases of all claims herein, Defendants agree to make the following payments:

  a. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Three Cents ($4,098.33), less applicable taxes and withholdings to be reported on an IRS W-4 Form, due within 30 days of defense counsel receiving a copy of this agreement signed by Plaintiff;

  b. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Four Cents ($4,098.34), representing liquidated and other damages to be reported on an IRS Form 1099-MISC (Box 3), due within 30 days of defense counsel receiving a copy of this agreement signed by Plaintiff; and

  c. A payment to "Abdul Hassan Law Group, PLLC" in the amount of Four Thousand, Three Hundred and Three Dollars and Thirty-Three Cents ($4,303.33), representing partial payment of a 1/3 contingency fee ($12,295), plus costs ($615), and disbursements to be reported on an IRS FORM 1099-MISC (Box 14), due within 30 days of defense counsel receiving a copy of this agreement signed by Plaintiff.

  d. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Three Cents ($4,098.33), less applicable taxes and withholdings to be reported on an IRS W-4 Form, due within 60 days of defense counsel receiving a copy of this agreement signed by Plaintiff;

  e. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Four Cents ($4,098.34), representing liquidated and other damages to be reported on an IRS Form 1099-MISC (Box 3), due within 60 days of defense counsel receiving a copy of this agreement signed by Plaintiff; and

  f. A payment to "Abdul Hassan Law Group, PLLC" in the amount of Four Thousand, Three Hundred and Three Dollars and Thirty-Three Cents ($4,303.33), representing partial payment of a 1/3 contingency fee ($12,295), plus costs ($615), and disbursements to be reported on an IRS FORM 1099-MISC (Box 14), due within 60 days of defense counsel receiving a copy of this agreement signed by Plaintiff.

  g. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Three Cents ($4,098.33), less applicable taxes and withholdings to be reported on an IRS W-4 Form, due within 90 days of defense counsel receiving a copy of this agreement signed by Plaintiff;

  h. A payment to "Matarr Ceesae" in the amount of Four Thousand Ninety-Eight Dollars and Thirty-Four Cents ($4,098.34), representing liquidated and other damages to be reported on an IRS Form 1099-MISC (Box 3), due within 90 days of defense counsel receiving a copy of this agreement signed by Plaintiff; and

    i.   A payment to "Abdul Hassan Law Group, PLLC" in the amount of Four Thousand, Three Hundred and Three Dollars and Thirty-Three Cents ($4,303.33), representing partial payment of a 1/3 contingency fee ($12,295), plus costs ($615), and disbursements to be reported on an IRS FORM 1099-MISC (Box 14), due within 90 days of defense counsel receiving a copy of this agreement signed by Plaintiff.

    j.   If there is a default in making the payments herein, Plaintiff and his Counsel, Abdul Hassan Law Group, PLLC ("AHLG"), will give Defendants **Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas**, written notice of said default, by sending a notice of default by fax and email to Defendants' attorneys **Mr. Carmelo Grimaldi, Esq.** or **Mr. Richard Howard, Esq.** Defendants will have seven (7) days from receipt of such notice to cure the default. If Defendants do not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to enter a judgment against Defendants **Dayana Trading Inc., TT's Car Wash Corp., Tom Thomas, individually and/or jointly**, in the amount of Thirty-Seven Thousand and Five Hundred Dollars ($37,500), less any monies paid by Defendants at the time of default, plus legal fees and costs incurred as a result of the default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

    k.   If any settlement payment herein is due before the date of court approval of this settlement agreement, such payment(s) shall be held in escrow by Defendants and sent within seven days of court approval by overnight delivery, to the office of Plaintiff's counsel Abdul K. Hassan, Esq. located at 215-28 Hillside Avenue, Queens Village, NY 11427.

  3.  **No Consideration Absent Execution of This Agreement.**  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

  4.  **Release of Claims.**

    In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby releases and forever discharge Defendants' Released Parties including without limitation their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, of and from any and all claims for any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including but not limited to the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement. This release includes all claims

for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

As additional consideration for his execution of this Settlement Agreement, Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as of the date of execution of this Agreement except Defendants retain such claims as counterclaims against Plaintiff in the event Plaintiff files litigation against Defendants' Released Parties.

5. **Plaintiff's and Defendants' Representations and Covenants.**

a. Plaintiff affirms that in the Action he has asserted a claim in seeking *inter alia*, unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a *bona fide* dispute as to such FLSA claims which are being settled and released by this Agreement.

b. Plaintiff affirms that he has not filed or caused to be filed, and he is not presently a party to, any claim against Defendants' Released Parties other than the Lawsuit. Additionally, Plaintiff is not presently aware of any grounds for claims against Defendants' Released Parties other than those put forth by Plaintiff in the Complaint he filed in the Lawsuit. Further, Defendants are not presently aware of any grounds for claims against Plaintiff other than those put forth in the Lawsuit.

c. Plaintiff acknowledges and represents he is not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease caused by or in any way related to their employment with Defendants.

d. Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although they are not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf.

e. Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court, approval of the settlement as fair and reasonable under the FLSA.

6. **Release Notification and Withdrawal.**

a. Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel. Plaintiff acknowledges he did so; it is his choice to waive any potential claims in return for the benefits set forth herein; and, said choice was made

after careful thought, and after consulting with his attorneys. Plaintiff represents that he has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

        b.      Plaintiff must return this Agreement to Defendant with his original signature by Wednesday, November 1, 2017, a date in excess of twenty-one (21) days from its delivery to Plaintiff. Plaintiff acknowledges that he has been given at least twenty-one (21) days to consider this Agreement carefully, and Plaintiff fully understands and agrees to all of its terms. If the Settlement Agreement and Release is not returned with Plaintiff's original and notarized signatures to Defendants by said date, it will be null and void *ab initio* at Defendants' election and in its sole discretion. Plaintiff voluntarily waives this 21-day review period.

        c.      Plaintiff may revoke this Agreement within seven (7) days of Plaintiff's execution. This seven (7) day time period will begin to run the day after Plaintiff has executed this Agreement. If Plaintiff revokes the Agreement, it shall be rescinded in its entirety and Plaintiff will not receive the benefits set forth herein. Said revocation must be delivered, in writing, via facsimile, regular mail or Federal Express to Richard Howard, Esq. Meltzer, Lippe, Goldstein, & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501; fax: (516) 237-2893, and received within seven (7) days of the execution of this Agreement. If Plaintiff does not revoke this Agreement, it shall become effective eight (8) days after Plaintiff has signed it. If the last day of the revocation period is a Saturday, Sunday or legal holiday in New York, then the revocation period shall not expire until the following day which is not a Saturday, Sunday, or legal holiday.

        7.      **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to, as soon as possible thereafter, execute a binding replacement release(s).

        8.      **Amendment**. Except as provided in Paragraph 7 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

10. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15. **Miscellaneous.**
    a. All notices or other communication provided for or permitted herein, other than as set forth in 6(c) above, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Federal Express, UPS, *etc.*) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    i)  *If to Plaintiffs:*
        Matarr Ceesae
        c/o Abdul Hassan Law Group, PLLC
        Abdul K. Hassan, Esq.
        215-28 Hillside Avenue

6

                Queens Village, New York
                Fax (718) 740-2000

    ii)    *If to Defendant*
           Tom Thomas
           1092 Loring Avenue,
           Brooklyn, NY 11206

with a copy to:

           Carmelo Grimaldi, Esq. or Richard Howard, Esq.
           Meltzer, Lippe, Goldstein & Breitstone, LLP
           190 Willis Avenue
           Mineola, NY 11501
           Fax: (516) 237-2893

    b.    This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

    c.    This Agreement shall inure to the benefit of Defendants' Released Parties, its successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' Released Parties' assets and business or with or into which Defendants' Released Parties may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff Ceesae and his executors and assigns.

    d.    Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

    16.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Plaintiff Ceesae was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff Ceesae is competent to execute this Agreement.

**PLAINTIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT. PLAINTIFF VOLUNTARILY WAIVES HIS 21-DAY REVIEW PERIOD.**

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement And Release as of the date set forth below:

**PLAINTIFF:**

**MATARR CEESAE**

By: MATARRCEESAE

Date: 10.18.17

**DEFENDANT:**

**DAYANA TRADING INC.**

By: [signature]

Print Name TOM THOMAS

Title MANAGER

Date: 10/31/17

**DEFENDANT:**

**TT'S CAR WASH CORP**

By: [signature]

Print Name TOM THOMAS

Title PRESIDENT

Date: 10/31/17

**DEFENDANT:**

**TOM THOMAS**

By: [signature]

Print Name TOM THOMAS

Title

Date: 10/31/17

8

## ATTACHMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

MATARR CEESAE,

                Plaintiff,

    -against-

MD SOUTH REALTY CORP.,
MD NORTH REALTY CORP.,
GCP EAST REALTY CORP., and
THEODOROS ZORBAS,

                Defendants.

---------------------------------------------------------- X

Civil Action #: 17-CV-0291-ARR-LB

**FRCP 41(a)(2) Voluntary Dismissal With Prejudice**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure all claims of Matarr Ceesae as stated in the within action shall be, and the same hereby are, dismissed in their entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party;

**IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Stipulation may be filed without further notice with the Court.

Dated: October ___, 2017                  Dated: October ___, 2017

ABDUL HASSAN LAW GROUP, PLLC

By: _____
   Abdul K. Hassan, Esq.
*Attorneys for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000

MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP

By: _____
Richard Howard, Esq.
*Attorneys for Defendants*
190 Willis Avenue
Mineola, NY 11501
Tel: (516) 747-0300

SO ORDERED:

_____