UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MATARR CEESAE,

                Plaintiff,                **REPORT AND RECOMMENDATION**
                                                                       **17 CV 291 (ARR)(LB)**

-against-

TT'S CAR WASH CORP., DAYANA
TRADING INC., and TOM THOMAS,

                Defendants.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        On January 18, 2017, plaintiff filed a complaint against TT's Car Wash Corp., Dayana Trading Inc., and Tom Thomas, to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and the New York Labor Law, Art. 6, §§ 190–99, and Art. 19, §§ 650–65 (collectively, "NYLL"). Plaintiff filed the instant motion for settlement approval on November 1, 2017. ECF No. 19. The Honorable Allyne R. Ross referred the motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated herein, it is respectfully recommended that the motion for settlement approval should be granted.

## BACKGROUND

        Plaintiff worked for defendants as an "oil change technician and lube operator" from June 2010 through May 11, 2016, excluding a ten-month gap in 2012. Compl. ¶¶ 17-18. On average, plaintiff worked 72 hours per week over a six-day work schedule from June 2010 through August 2015. Plaintiff earned between eight and nine dollars per hour. Id. ¶ 19. He was paid in one installment for the first forty hours he worked each week and in a separate installment for all hours he worked over forty. Id. ¶ 21. Plaintiff was paid his hourly rate for all hours worked, but was never paid time and a half for the hours he worked over forty. Id. Plaintiff earned a commission that varied in amount between $150 to $200 each week, but the commission did not relate to the overtime hours he worked.

Id. ¶ 20. Beginning in August 2015 until May 11, 2016, plaintiff's hours were reduced to 60 per week over a five-day work schedule. Plaintiff earned his fixed hourly wage for the first forty hours he worked. Id. ¶ 22. He then earned one and one-half times his hourly rate for 7.5 hours, but was paid his regular hourly rate for the remaining 12.5 overtime hours that he worked. Id. ¶ 22. Plaintiff alleges that defendants willfully failed to pay him overtime throughout his employment. Id. ¶ 26.

Plaintiff commenced this action on January 18, 2017. ECF No. 1. The Court held an initial conference on March 30, 2017, and set discovery deadlines. Plaintiff's counsel wrote to the Court on June 26, 2017, to notify the Court that defendants retained new counsel. Since that time, the Court held three status conferences, at which the parties reported that they were diligently working to resolve this matter. On November 1, 2017, plaintiff submitted the instant motion for settlement approval. ECF No. 19. On November 16, 2017, I directed plaintiff to supplement the motion, ECF No. 20, which plaintiff did on November 22, 2017. ECF No. 21.

## DISCUSSION

### I. Standard for Approving FLSA Settlements

In Cheeks v. Freeport Pancake House, Inc., the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015). Generally, "if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Kochilas v. Nat'l Merchant Servs., Inc., No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). To determine whether a FLSA settlement agreement is a reasonable compromise in a case that does not involve a certified class, the Court takes into account "(1) the complexity, expense, and likely duration of the litigation, (2) the stage of the proceedings and the amount of discovery completed, (3) the risks of establishing liability, (4) the risks of

2

establishing damages, (5) the ability of defendants to withstand a larger judgment, and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (citing Peralta v. Allied Contracting II Corp., No. 09-CV-953 (NGG)(RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)).

Furthermore, Cheeks highlighted the Court's need to ensure that the settlement not offend the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 205–07. Accordingly, Courts in this Circuit have repeatedly rejected confidentiality provisions and general liability releases in FLSA settlement agreements following Cheeks. See Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015) (collecting cases). The Court also considers whether the settlement agreement is the product of arm's-length bargaining between the parties and the possibility of any fraud or collusion. D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001); Lopez v. Nights of Cabiria, LLC, 96 F.Supp.3d 170, 176 (S.D.N.Y. 2015) (citation omitted). To that end, in addition to evaluating the fairness of the award to the plaintiff, the Court evaluates the reasonableness of any attorney's fees included in the proposed settlement. See 29 U.S.C. § 216(b) ("allow a reasonable attorney's fee to be paid").

**II. Instant Settlement Agreement**

The settlement agreement between the parties was fully executed on October 31, 2017. Settlement Agreement ("Agreement"), ECF No. 19-1. The basic terms of the Agreement provide that plaintiff will release defendants from all liability regarding any claims arising from his employment under state and federal wage and hour laws, and will seek dismissal of the instant case in exchange

for $37,500.00. Agreement ¶ 2. If approved, plaintiff would receive $24,590.00 of the settlement to compensate his unpaid overtime. Under the terms of the instant settlement agreement, plaintiff's counsel would receive one-third of the settlement, totaling $12,295.00, and $615.00 in costs. Motion for Settlement Approval (Mot.), ECF No. 19 at 2. For the reasons stated below, I respectfully recommend that plaintiff's motion for settlement approval should be granted.

### A. Reasonableness as to Merits

After conducting discovery, the parties began discussing settlement in June, and submitted the instant motion for settlement approval on November 1, 2017. It is clear, both from the multiple status conferences I held and the documents submitted in support of the motion for settlement approval, the parties engaged in a meaningful negotiation to reach the settlement agreement now before the Court.

Plaintiff's net award of $24,590.00 represents the middle ground of what he could recover under the NYLL six-year statute of limitations and the FLSA two-year statute of limitations. Plaintiff posits that if he were to recover the full amount of unpaid overtime wages that he is owed under the NYLL, he would be entitled to $48,806.50. Under the FLSA's two-year statute of limitations, plaintiff states the maximum he could recover would be $12,757.25. Plaintiff has agreed to a settlement amount of $37,500, which is more than three-fourths of the best recovery plaintiff could obtain under the NYLL's generous six-year statute of limitations. Furthermore, plaintiff's net award is almost two times what he could recover under the FLSA at best, and a little more than half of what he could recover under the NYLL.

Plaintiff's portion of the settlement represents a reasonable compromise given a number of factors. To begin with, defendants dispute liability. By agreeing to settle this case before trial, the parties are choosing to avoid the risks associated with any litigation and reduce costs to both sides. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494 (DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28,

2009) (approving FLSA settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation."). While defendants are unable to furnish "complete and accurate contemporaneous time and wage records," plaintiff asserts that defendants have demonstrated that they "cannot afford to pay a higher settlement amount." Mot. at 3. A point further supported, as plaintiff contends, by the fact that the parties have agreed to a settlement that will be paid out in three-monthly installments.[1] Id. Additionally, this agreement was reached after arm's-length negotiations, reported to the Court during monthly status conferences, and both plaintiff's and defendants' counsels are experienced FLSA litigators. These factors therefore weigh in favor of approving the settlement.

### B. Attorney's Fees

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." Gurung v. White Way Threading LLC, 226 F.Supp.3d 226, 229-230 (S.D.N.Y. 2016) (citing Penafiel v. Rincon Ecuatoriano, Inc., No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (citing 29 U.S.C. § 216(b) (allowing a "*reasonable* attorney's fee") (*emphasis* in Penafiel)). Courts in this circuit generally approve attorney's fees that are limited to one-third contingency, and typically modify fees "representing more than one-third of the total settlement amount." Lopez v. Poko-St. Ann L.P., 176 F.Supp.3d 340, 343 (S.D.N.Y. 2016) (quoting Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)).

The current settlement agreement awards $24,590.00 to plaintiff, $12,295.00 in fees to plaintiff's counsel, and $615 to plaintiff's counsel in costs. The attorney's fee comprises 32.78% of

---

[1] If there is a default, after notice and an opportunity to cure, plaintiff shall have the right to enter a judgment against defendants. Agreement ¶ 2(j).

5

the total settlement agreement. In support of the fee arrangement, plaintiff's counsel offered that he has "received similar or higher legal fees in other FLSA settlements approved by courts." Mot. at 2. The Court took issue with plaintiff's counsel basing the apportioned attorney's fee on the fact that he has been awarded similar fees in the past, rather than supporting it with facts regarding counsel's work in this case. Accordingly, to analyze the reasonableness of the fee, I ordered plaintiff's counsel to provide the Court with his contemporaneous billing records. ECF No. 19. Plaintiff's counsel filed a declaration and his billing records, but also filed a 12-page argument regarding the various ways that Courts in this Circuit overreach in addressing attorney's fees following Cheeks. Plaintiff's counsel's reluctance to follow the directive of Cheeks and file his contemporaneous billing records in the first instance has delayed his client's receipt of the settlement funds and as such, does a disservice to his client. Nevertheless, plaintiff's counsel's actions should not prejudice his client's recovery.

At the crux of counsel's argument is that the Courts in this Circuit fail to recognize Supreme Court precedent in Venegas v. Mitchell, 495 U.S. 82 (1990). Plaintiff's counsel has made this argument without success in other cases to justify "an outsize percentage of his client's recovery." Gurung, 226 F.Supp.3d at 230; see also Seck v. Dipna Rx, Inc., No. 16-CV-7262 (PKC), 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017) ("Hassan asserts that attorney's fees paid by defendants are immune from judicial review."). In Venegas, the Supreme Court held that 42 U.S.C. § 1988 "does not invalidate contingent-fee contracts that would require [a] prevailing plaintiff to pay his attorney more than [the] statutory fee award against defendant." 495 U.S. at 82. In other words, as a fee-shifting statute, 42 U.S.C. § 1988 only determines what *a defendant must pay* a prevailing plaintiff in attorney's fees, and does not "interfere with the enforceability of a contingent-fee contract" should the fees plaintiff owes counsel under the retainer agreement exceed the attorney's fees awarded by

6

the Court pursuant to § 1988. Id. at 90. Here, plaintiff's counsel relies on Venegas for the proposition that attorney's fees determined by retainer, as opposed to a fee-shifting statute, are not reviewable by the Court. It confounds the Court why counsel persists in making this argument as Venegas does not preempt the Court's review of a FLSA settlement under Cheeks. "Venegas held that a Court's award of reasonable attorney's fees to a prevailing plaintiff from an adversary under a statute with a fee-shifting provision does not dictate the fee that the plaintiff must pay his or her lawyer pursuant to their fee arrangement. . . . But Venegas did not hold that, in a case where a court has a statutory responsibility to assure that the allocation of settlement proceeds is reasonable and fair to the plaintiff, the Court must defer to a lawyer's retainer agreement with his or her client." Gurung, 226 F.Supp.3d at 230.

To begin with, plaintiff's counsel misconstrues the reason he was directed to file his billing records in this case. Filing contemporaneous billing records is standard in these proceedings. The Court is not determining plaintiff's attorney's fee award. The attorney's fee is part of the overall settlement agreement that the Court must evaluate to determine whether the agreement as a whole is fair and reasonable. "[T]he very fact that the statutory fee award belongs to the plaintiff is the reason why the negotiated resolution of the award is subject to judicial review. . . . If it is overly generous to the attorney, it may affect the fairness and reasonableness of the payment to the client. Thus, a review of the proposed attorneys' fees is central to determining whether the overall settlement is fair and reasonable to the plaintiff." Seck, No. 16-CV-7262 (PKC), 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017). "Certainly, one could imagine a scenario in which a one-third fee award might be found to be abusive—where counsel did little more than, say, file a rudimentary complaint and manage service of process. Conversely, a one-third fee award (or higher) might be justified where the case involved a certain degree of legal complexity or protracted litigation." Carson v. Team Brown Consulting, Inc.,

No. 16-CV-4206, 2017 WL 4357393, at *3 (E.D.N.Y. Sept. 29, 2017). Courts should be "guided by 'adequate documentation' supporting the fee arrangement, as urged by the court in Cheeks. Without the opportunity for Cheeks review, the Court cannot determine whether such adequate documentation exists to support Plaintiff's counsel's fee award here." Id. (internal citations omitted).

Plaintiff's counsel states that Cheeks did not place a "percentage cap on fees" and that the language in Cheeks referring to fees was dicta. Plaintiff's counsel then goes on to state what other judges have noted about his role as plaintiff's counsel in Cheeks. My Order directing plaintiff's counsel to supplement his motion had nothing to do with his role in Cheeks.[2] This review of the parties' settlement is not about plaintiff's counsel. Cheeks review is about whether the instant settlement is fair and reasonable in light of the circumstances of *this* case, not the "over 400 employment and wage cases" plaintiff's counsel reminds the Court he has worked on. ECF No. 21-1 ¶ 110. The Court did not question plaintiff's counsel's experience. My Order merely sought the necessary information to conduct the fairness review that Cheeks requires. Standards exist for a reason; the Court will not accept counsel's past awards in place of the required case-specific records and analysis. Counsel must provide his contemporaneous billing records for the Court to confirm that the attorney's fee portion of the settlement is commensurate with the work done on this case and that the fee is reasonable. The Court will not rubber stamp counsel's representations when conducting its Cheeks review.

The billing records and counsel's affidavit support the Court's finding that the attorney's fee portion of this settlement is fair and reasonable. In accordance with Cheeks, I find that $12,295.00 in attorney's fees is fair and reasonable under the facts and circumstances of this case.

---

[2] Nor was I concerned about plaintiff's counsel's retainer.

### C. General Release

The Courts in this Circuit require that the releases contained within FLSA settlement agreements be specific to the claims alleged in plaintiff's complaint. Broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ N.Y. Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015); see Souza, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (noting that some courts have understood the aversion to overbroad releases as requiring that FLSA releases be limited to wage-and-hour claims). Here, plaintiff agrees to release defendants from

> any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including but not limited to the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement.

Agreement ¶ 4. Plaintiff brings his claims under the FLSA, NYLL and New York Code of Rules and Regulations. Compl. ¶¶ 1-3. Therefore, the release should be limited to any claims plaintiff did or could have brought under the FLSA, NYLL and New York Code of Rule and Regulations, or it runs the risk of being overbroad and releasing defendant of liability unconnected to plaintiff's wage and hour claims. I, therefore, respectfully recommend that the Court should modify paragraph four to strike the language "but not limited to" within the parenthetical, and as modified, the parties' settlement agreement should be approved.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should approve plaintiff's instant motion for settlement approval. If this Report is adopted, the parties should file a stipulation discontinuing this case with prejudice within thirty days of the Court's Order.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 3, 2018
       Brooklyn, New York