**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Matarr Ceesae,<br><br>                                     Plaintiff,<br><br>     -v-<br><br>TT's Car Wash Corp.,<br>Dayana Trading Inc., and<br>Tom Thomas,<br><br><br>                         Defendants. | **Civil Action #: 17-CV-0291<br>(ARR)(LB)**<br><br><br>**OBJECTIONS TO REPORT<br>AND RECOMMENDATION** |

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF**
**THE HON. MAGISTRATE-JUDGE LOIS BLOOM**


ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000


SERVED ON JANUARY 17, 2018

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ............................................................................ 1

II.  STANDARD OF REVIEW.................................................................................. 1

III.  OBJECTIONS/ARGUMENTS............................................................................ 2

1.  WE AGREE THE SETTLEMENT IS FAIR AND REASONABLE UNDER *CHEEKS*, BUT THE MAGISTRATE-JUDGE APPLIED THE WRONG LEGAL STANDARD AS TO LEGAL FEES ...................................................................................................... 2

2.  CONTRARY TO THE MAGISTRATE-JUDGE'S POSITION, *CHEEKS* DID NOT CHANGE FLSA FEE JURISPRUDENCE – AT MOST IT REQUIRED THE COURT TO ENSURE COMPLIANCE WITH SETTLED FLSA FEE JURISPRUDENCE......................... 4

3.  THE MAGISTRATE-JUDGE'S STANDARD FOR EVALUATING THE PAYMENTS TO PLAINTIFF IS INCORRECT ........................................................................... 12

4.  THERE IS AN URGENT NEED FOR COURTS TO ARTICULATE A CONSISTENT AND COHERENT STANDARD FOR APPROVAL OF FLSA SETTLEMENTS UNDER *CHEEKS* ...................................................................................................... 15

IV.  CONCLUSION.................................................................................................. 18

i

# TABLE OF AUTHORITIES

## CASES

*Andrea Carter v. Long Island Care Center, Inc.*,
 Case No.15-cv-4058 (PKC)(VMS).......................................................................... 2

*Ayres v. 127 Restaurant Corp.*,
 1999 WL 328348, at *1 (S.D.N.Y., 1999)............................................................... 8

*Barfield v. N.Y. City Health & Hosps. Corp.*,
 537 F.3d 132, 140 (2d Cir. 2008)............................................................................ 5

*Bernard v. QPH Plumbing & Heating Inc.*
 16-cv-4716, ECF No. 17 (ST - EDNY) ................................................................. 5

*Brooklyn Savings Bank v. O'Neil*,
 324 U.S. 697 (1945)................................................................................................ 6

*Brown v. Starrett City Associates*,
 2011 WL 5118438, 8 (E.D.N.Y.)............................................................................ 7

*Caraballo v. 1195 Sherman Ave.*,
 15-cv-02325(WHP - SDNY), ECF No. 31 ............................................................. 5

*Cheeks v. Freeport Pancake House, Inc.*,
 796 F.3d 199 (2d Cir. 2015)............................................................................ passim

*Cohen v. Gerson Lehrman Grp., Inc.*,
 No. 09 CIV. 4352 PKC, 2011 WL 4336677 (S.D.N.Y. Sept. 15, 2011) .................. 4

*D.A. Schulte, Inc. v. Gangi*,
 328 U.S. 108, 66 (1946).......................................................................................... 6

*Dees v. Hydradry, Inc.*,
 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) ........................................................ 14

*De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*,
 15-CV-9483, ECF No. 38, (Judge Karas, May 2, 2017) ....................................... 14

*Domenech v. Parts Authority, Inc.*
 15CV-3595, ECF No. 41, 42 (ILG - EDNY)......................................................... 5

*Flores v.  Steinway Dental Laboratory Inc. et al*,

15-CV-4364 (RRM)(LB) ........................................................................... 16

*Francis v. Bowery Residents' Committee, Inc.*,
  15-cv-07102 (RLE - SDNY) ...................................................................... 5

*Harris v. O'Connell Protection Services, LLC et al*,
  17-CV-02226 (Judge Feuerstein – EDNY) ............................................... 3

*Hensley v. Eckerhart*,
  461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ................ 7

*Hysa et al v. Midland Electrical Contracting Corp. et al*,
  Case No. 13-CV-6837 ................................................................................ 2

*Jones v. Bryant Park Market Event LLC*,
  13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY) ........................... 5

*Kevin Lynch v. Consolidated Edison, Inc.*,
  Case No. 16-CV-1137, ECF No. 37 ........................................................... 2

*Kirkland v. ASA College, Inc. et al*,
  16-cv-02908 (Magistrate-Judge Levy – EDNY) ...................................... 3

*Lliguichuzhca v. Cinema*
  60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ............................... 14

*Mares v. Kim*,
  No. 15 CIV 7197 HBP, 2016 WL 4098408, at *2 (S.D.N.Y. July 25, 2016) .......................... 6

*Martinez v. Hilton Hotels Corp.*,
  No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) ................................. 14

*Martinez v. Metro Management & Development, Inc. et al*,
  16-cv-05030 (Magistrate-Judge Gold – EDNY) ..................................... 3

*Millea v. Metro-N. R. Co.*,
  658 F.3d 154 (2d Cir. 2011) ...................................................................... 4

*Myers v. Bowl 360 Inc. et al*,
  16-CV-06684 (Magistrate-Judge Reyes – EDNY) ................................... 3

*Ortiz v. Threeline Imports, Inc. et al*,
  17-cv-02411 (Magistrate-Judge Pollak – EDNY) ................................... 3

*Palermo v. Efficient Staffing Solutions LLC et al*,

17-CV-00658 (Magistrate-Judge Reyes – EDNY) ................................................................ 3

*Persaud v. Consulate General of Guyana in New York et al*,
  Case No. 16-cv-01755 .................................................................................................... 2

*Precil v. U.S. Security Associates, Inc.*
  15-cv-8893(PGG - SDNY) ............................................................................................ 5

*Rivera v. SA Midtown LLC et al*,
  16-cv-02097, (Judge Engelmayer – SDNY January 27, 2017) ......................................... 10, 15

*Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*,
  No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ...................... 10

*Seck v. Dipna Rx, Inc.*,
  No. 16-CV-7262 (PKC), 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017) .......................... 8

*Smith v. Nagai*,
  2012 WL 2421740, 5 (S.D.N.Y., 2012) .......................................................................... 7

*Soler v. Mase Electric, Inc. et al*,
  16-cv-1653(LMS - SDNY), (February 7, 2017 text only Order ........................................... 5

*Souza v. 65 St. Marks Bistro*,
  No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) ...................................... 14

*Vassell v. Village Plumbing & Heating, Inc. et al*,
  17-CV-03510 (Magistrate-Judge Pollak – EDNY) .............................................................. 3

*Velez v. Lusardi Ltd. et al*,
  16-CV-5675, ECF Nos. 41-43 ........................................................................................ 2

*Venegas v. Mitchell*,
  495 U.S. 82, 89-90 (1990) ..................................................................................... passim

## Statutes

28 USC § 636(b) .......................................................................................................... 1

## I.    PRELIMINARY STATEMENT

My firm represents Plaintiff Matarr Ceesae ("Plaintiff" or "Ceesae"), in the above-referenced action, and I respectfully submit the within objections to the Report & Recommendation ("R&R"), of the Hon. Magistrate-Judge Lois Bloom. (See ECF No. 22).

We agree with the Honorable Magistrate-Judge that the settlement should be approved as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). However, we object to and seek correction of certain legal standards employed by the Magistrate-Judge. First, contrary to the Magistrate-Judge's position, fees that a defendant must pay under the FLSA are determined using the lodestar standard, and fees paid by the plaintiff to his counsel are determined by the retainer agreement – the Second Circuit has specifically rejected a percentage of recovery approach to awarding fees in fee-shifting cases, like the FLSA. *Cheeks* did not and could not change these settled and established precedents – it merely required courts to ensure that these standards were complied with. Second, while we agree that many different factors should be taken into account in approving an FLSA settlement, as the Second Circuit pointed out in *Cheeks*, the Supreme Court has only recognized, at most, one ground for waiver of FLSA wages – a bona fide dispute as to hours and wages. Third, we also respectfully request that this Honorable Court amend its individual rules to provide litigants and even Magistrate-Judges, notice of what standard(s) to apply in the *Cheeks* approval process.

In light of the FLSA's strong remedial purpose as also set forth in *Cheeks*, we respectfully request an expedited ruling on these objections to the R&R. In this regard, this Court can adopt the conclusion that the settlement is fair and reasonable, while leaving the other issues and parts of the R&R for another day.

## II.    STANDARD OF REVIEW

The de novo standard of review under which the Magistrate's R&R must be reviewed is set forth at 28 USC § 636(b), which states in relevant part as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

### III.     OBJECTIONS/ARGUMENTS

### 1.   WE AGREE THAT THE SETTLEMENT IS FAIR AND REASONABLE UNDER *CHEEKS*, BUT THE MAGISTRATE-JUDGE APPLIED THE WRONG LEGAL STANDARD AS TO LEGAL FEES

The R&R stated in relevant part as follows (ECF No. 22, pg. 6):

> Plaintiff's counsel's reluctance to follow the directive of Cheeks and file his contemporaneous billing records in the first instance has delayed his client's receipt of the settlement funds and as such, does a disservice to his client. Nevertheless, plaintiff's counsel's actions should not prejudice his client's recovery.

However, there is no directive in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), that time records be submitted when the fee is a percentage contingency fee - the Magistrate-Judge appears to confirm this when she stated at the July 20, 2017 conference as follow: (July 20, 2017 Tr. Pg. 10, ln. 14-17):

> 14 The settlement agreement is clearly circumscribed
> 15 by what Cheeks says can be an -- and your fee would have to be
> 16 documented *or* you would have to say that you're getting 33
> 17 percent or less.

Indeed, the Magistrate-Judge's explanation in the above excerpt, that in the absence of time records the fee would have to be a percentage fee, is as far as we know, the position of the majority of judges. See i.e. *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No.

2

13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks* – no time records required); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000 – no time records required); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks* – no time records required)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks* – no time records required); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000 under *Cheeks* – no time records required); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under Cheeks – no time records required); *Harris v. O'Connell Protection Services, LLC et al*, 17-CV-02226 (Judge Feuerstein – EDNY)(1/3 fee of $10,315 under *Cheeks* – no time records required); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Myers v. Bowl 360 Inc. et al*, 16-CV-06684 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $6,815 under *Cheeks* – no time records needed). *Martinez v. Metro Management & Development, Inc. et al*, 16-cv-05030 (Magistrate-Judge Gold – EDNY)(1/3 fee of $6,493 under *Cheeks* – no time records required); *Vassell v. Village Plumbing & Heating, Inc. et al*, 17-CV-03510 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,815 under *Cheeks* – no time records needed); *Ortiz v. Threeline Imports, Inc. et al*, 17-cv-02411 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,148 under *Cheeks* – no time records required).

3

Such a position is also supported by logic and common sense – a percentage fee by definition is based on a portion of recovery and not on time expended. By way of further clarification, *Cheeks* used the term "adequate documentation," and the most important documentation in the fee context is the retainer agreement, especially where the fee is a percentage fee – time records would be relevant if the fee is an hourly fee.

Moreover, not requiring submission of time records and other aspects of a traditional fee application, where counsel is receiving a 1/3 fee, saves the parties and the courts a significant amount of time in the *Cheeks* approval process.

As such, it was erroneous and quite surprising when the Magistrate-Judge implied or stated that following her July 20, 2017 explanation, and given the majority position to the contrary, that Plaintiff's counsel was required to submit time records and that not doing so initially, was a "disservice to his client." What is really a disservice to the Plaintiff and everyone else in these types of cases is the absence of a coherent and consistent standard – though we recognize the difficulties judge face in apply *Cheeks*.

## 2. CONTRARY TO THE MAGISTRATE-JUDGE'S POSITION, *CHEEKS* DID NOT CHANGE FLSA FEE JURISPRUDENCE – AT MOST, IT REQUIRED THE COURT TO ENSURE COMPLIANCE WITH SETTLED FLSA FEE JURISPRUDENCE

The R&R stated in relevant part as follows (ECF No. 22, pg. 7):

> Here, plaintiff's counsel relies on Venegas for the proposition that attorney's fees determined by retainer, as opposed to a fee-shifting statute, are not reviewable by the Court.

By way of clarification, my position is that the dicta in *Cheeks* about attorney's fees do not require or prohibit review of legal fees, and that *Cheeks* did not and could not override *Venegas v. Mitchell*, 495 U.S. 82 (1990), which is perfectly consistent with *Cheeks – Cheeks*

required adequate documentation of fees, and the retainer agreement, which controlled the fees in *Venegas*, is the most important piece of documentation in this regard.

Notably, *Cheeks* did not change the FLSA's fee provision (29 USC 216(b)), or any other provision of the FLSA – *Cheeks* simply required courts in certain situations (FLSA dismissals with prejudice), to ensure that the requirements of the FLSA were complied with and not violated. In this regard, it is well-settled that the lodestar method, then adjusted based on the retainer as per *Venegas*, is the proper method of determining the reasonableness of legal fees under the FLSA and not the 1/3 method which has been rejected by the Second Circuit. *Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded."). Legal fees under the lodestar and retainer can and frequently do exceed the wages owed to the employee – and that was the main reason for the FLSA's fee-shifting provision. *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336677 (S.D.N.Y. Sept. 15, 2011) ("There is no requirement that a fee award be proportional to the amount of recovery."). *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008) (affirming fee award in FLSA case where "the district court awarded $49,889 in attorney's fees, which, when added to the compensatory and liquidated damages and costs, yielded plaintiff a total award of $58,229.29."). If Magistrate-Judge Bloom's 1/3 rule is correct, the Second Circuit in *Barfield* would have given about two thirds of the fees to the plaintiff who cannot practice law, and given less fees to the attorney who earned the fees.

In other words, if a district court judge in an FLSA case, limited the fee to a percentage of recovery, that judge will be reversed by the Second Circuit based on settled precedent. Whether

in a fee application or in a settlement context, the applicable authority is the FLSA and related Supreme Court precedents such as *Venegas*. See also *Francis v. Bowery Residents' Committee, Inc.*, 15-cv-07102 (RLE - SDNY), ECF No. 25 (approving $5,000 in damages and $10,500 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY) (approving $4000 in damages and $55,000 in fees and costs under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Bernard v. QPH Plumbing & Heating Inc.* 16-cv-4716, ECF No. 17 (ST - EDNY) (approving $2000 in damages and $9,000 in legal fees and costs under *Cheeks*); *Caraballo v. 1195 Sherman Ave.*,15-cv-02325(WHP - SDNY), ECF No. 31 (approving $3000 in damages and $10,000 in fees and costs under Cheeks); *Precil v. U.S. Security Associates, Inc.* 15-cv-8893(PGG - SDNY), ECF No. 14 (approving $3780 in damages and $8720 in fees and costs under *Cheeks*); *Soler v. Mase Electric, Inc. et al*, 16-cv-1653(LMS - SDNY), (February 7, 2017 text only Order - approving $4500 in damages and $10,000 in fees and costs under *Cheeks*).

Moreover, the Magistrate in the R&R did not explain why the numerous judges in this Circuit who follow Second Circuit precedent and do not follow the 1/3 rule, are wrong. Given a district judge's obligation to follow the Second Circuit, lower court judges must address the argument that the Second Circuit has rejected a percentage of recovery fee in fee-shifting cases and that the 1/3 fee rule violates Second Circuit law in FLSA cases.

In addition, abrogating a contract is an extraordinary act by a court that requires clear, unambiguous and extraordinary justification. In this regard, the Supreme Court and the Second Circuit have held that an agreement between employer and employee waiving FLSA wages or rights is invalid or unenforceable, because the FLSA requires the employer to pay certain wages

to the employee. See *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946), *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015). Borrowing from the Supreme Court in *Venegas,* 495 U.S. at 87:

> it is a mighty leap from these propositions to the conclusion that [the FLSA] also requires the District Court to invalidate a contingent-fee agreement arrived at privately between attorney and client.

In abrogating the retainer contract and imposing an arbitrary 1/3 cap on fees, the Magistrate-Judge, is in effect interpreting the FLSA as requiring plaintiff's attorney to pay the plaintiff, legal fees that the plaintiff's attorney is reasonably and contractually entitled to – a truly strange result that the FLSA does not require and never intended. See *Mares v. Kim*, No. 15 CIV. 7197 HBP, 2016 WL 4098408, at *2 (S.D.N.Y. July 25, 2016)("As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.").

It is settled law that fees in an FLSA case are determined in a two-step process. First, the lodestar is the amount the defendant must pay to the prevailing plaintiff. Second, under the Supreme Court's unanimous decision in *Venegas*, the fees that the plaintiff must ultimately pay to his attorney, are determined by the retainer agreement between them. Prior to *Cheeks*, judges were often called upon to determine the fees a prevailing plaintiff is entitled to from a losing defendant – not the fees the plaintiff's attorney is entitled to from the plaintiff under the retainer agreement – a significant difference explained by a unanimous Supreme Court in *Venegas*.

In *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990), a unanimous Supreme Court stated in relevant part as follows:

> But neither Blanchard nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award that they may collect from losing opponents. Indeed, depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

In *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." Moreover, fee-jurisprudence under other fee-shifting statutes is applicable to the FLSA as well. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The standards set forth in this opinion [construing § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). *Smith v. Nagai*, 2012 WL 2421740, 5 (S.D.N.Y., 2012) ("In determining the [FLSA fee] award, courts utilize the analytical framework for civil rights cases under 42 U.S.C. § 1988."). *Ayres v. 127 Restaurant Corp.*, 1999 WL 328348, at *1 (S.D.N.Y., 1999); ("the law on attorney's fees is no different in FLSA cases than it is in employment discrimination cases"), aff'd, 201 F.3d 430 (2d Cir.1999).

Next, the R&R stated in relevant part as follows (ECF No. 22, pg. 6):

> At the crux of counsel's argument is that the Courts in this Circuit fail to recognize Supreme Court precedent in Venegas v. Mitchell, 495 U.S. 82 (1990). Plaintiff's counsel has made this argument without success in other cases to justify "an outsize percentage of his client's recovery." Gurung, 226 F.Supp.3d at 230; see also Seck v. Dipna Rx, Inc., No. 16-CV-7262 (PKC), 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017) ("Hassan asserts that attorney's fees paid by defendants are immune from judicial review.").

Once again, it is not Plaintiff's counsel's position that courts are prevented from reviewing fees under *Cheeks* – it is his position that *Cheeks* neither requires nor prohibits such review, and that *Cheeks* is not in conflict with *Venegas*. Notably, the Magistrate cited *Seck v.*

8

*Dipna Rx, Inc.*, No. 16-CV-7262 (PKC), 2017 WL 1906887, at *3 (S.D.N.Y. May 8, 2017), for

the proposition that Plaintiff's arguments based on *Venegas* have been rejected.  However, the

opposite is true. While the court in *Seck* made numerous legal and factual errors which were

corrected in subsequent submissions, even the court in *Seck*, 2017 WL 1906887, at *3, in the

context of *Venegas* and *Cheeks*, held in relevant part as follows:

> A party's contractual commitment to his or her attorney may require a payment
> that is higher than what a court may award as a reasonable fee under a fee-shifting
> statute.

In other words, the *Seck* decision, upon which the Magistrate-Judge relies, actually

applied *Venegas* and did not reject it. While addressing the legal standards, the court in *Seck* did

not perform a *Cheeks* review. The Magistrate-Judge also relied on *Gurung* and states in relevant

part as follows (ECF No. 22, pg. 7):

> "Venegas held that a Court's award of reasonable attorney's fees to a prevailing
> plaintiff from an adversary under a statute with a fee-shifting provision does not
> dictate the fee that the plaintiff must pay his or her lawyer pursuant to their fee
> arrangement. . . . But Venegas did not hold that, in a case where a court has a
> statutory responsibility to assure that the allocation of settlement proceeds is
> reasonable and fair to the plaintiff, the Court must defer to a lawyer's retainer
> agreement with his or her client." Gurung, 226 F.Supp.3d at 230.

In *Gurung*, the court made numerous legal and factual errors. However, we did not move

to correct any of them because the court allowed the parties to dismiss the case without

prejudice, and as such, the court's ruling had no effect on the settlement. However, the court in

*Gurung* was seriously wrong about *Venegas*. Given that *Venegas* is the law of the land and pre-

dated *Cheeks*, the correct question is whether *Cheeks* is inconsistent with *Venegas*. As we have

explained, *Venegas* and *Cheeks* are perfectly consistent with each other – *Cheeks* requires

adequate documentation and the most important documentation under *Venegas* is the retainer

9

agreement. Significantly, the FLSA does not require the plaintiff's attorney to pay the wages of the plaintiff – the FLSA places the duty to pay wages on the employer.

By way of reinforcement, assume an employee is owed about $2,000 in wages, her counsel incurred $49,000 in legal fees (similar to *Barfield*), and the employer settled for $40,000 inclusive of fees. In this example, 95% of the settlement consists of legal fees actually incurred, and it would make little sense to limit the fees to 1/3 of so-called "recovery" – such an outcome is not supported by FLSA law or logic and also violates the absurdity doctrine - it creates an absurd result where the client earns more legal fees than the attorney, even though the client cannot legally practice law.

In *Gurung*, the wage and time records the court directed the defendant to produce showed that the plaintiff was owed about $200 in unpaid wages. Apparently because the individual damages were small based on the records, Judge Engelmayer, following the initial conference, directed me to personally visit defense counsel's office to try to settle the case. In the final settlement some months later, the plaintiff received $9,000, and I received reduced fees/costs of $12, 460 – the case was brought as a class action and there was even a change of counsel at one point and the case became more involved and prolonged. The client was so happy with her settlement which exceeded her overtime wages owed, she asked me if she could buy me a gift to show her thanks – I told her I appreciated the thought, but a gift was not necessary.

We cannot ignore the predicament that faced Judge Engelmayer in *Gurung*. Prior to *Gurung*, and only a few weeks after *Cheeks* was decided, Judge Engelmayer had issued an opinion adopting a 1/3 rule for fees in FLSA cases – without apparent awareness of, and without addressing *Venegas* and or even settled Second Circuit precedents reaffirming the lodestar approach and rejecting a percentage fee approach. See *Run Guo Zhang v. Lin Kumo Japanese*

*Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015)

(reducing award from 37% of net settlement amount to 33%). As such, in *Gurung*, Judge

Engelmayer was placed in the position of reversing himself, or trying to distinguish *Venegas* and

related authorities, in ways that a judge not similarly constrained, would likely find unconvincing

and unpersuasive in light of *Venegas* and related precedents.

   In addition, less than two months after his decision in *Gurung*, Judge Engelmayer also

declined to approve attorney's fees under *Cheeks* in *Rivera v. SA Midtown LLC et al*, 16-cv-

02097, (Judge Engelmayer – SDNY January 27, 2017), where another attorney was seeking a

$15,000 percentage contingency fee based on his retainer where his lodestar was about $14,182.

The plaintiff's attorney then made an additional submission including arguments based on

*Venegas* like the ones made herein – that the FLSA and *Cheeks* do not prohibit the enforcement

of a retainer agreement between plaintiff and plaintiff's counsel.  Following these additional

submissions and arguments, Judge Engelmayer approved the settlement and attorney fees in that

case.

   The R&R stated in relevant part as follows (ECF No. 22, pg. 7):

> It confounds the Court why counsel persists in making this argument as Venegas
> does not preempt the Court's review of a FLSA settlement under Cheeks.

   Once again, contrary to the Magistrate-Judge's representation, Plaintiff's counsel does

not rely on *Venegas* for the proposition that it "preempt the Court's review of a FLSA settlement

under *Cheeks.*" Instead, it is Plaintiff's counsel's position that *Venegas* is not inconsistent with

*Cheeks* – under *Cheeks* a court can review the legal fees to confirm that it is equal to or less than

the fees plaintiff's counsel is entitled to under the retainer agreement in light of *Venegas*. As this

case shows, plaintiff's counsel accepted a fee that is significantly less than the fees he is entitled

to under the retainer agreement. Such fee reductions are very common in order to facilitate a

11

settlement the plaintiff will accept. Unlike an employee who is at the mercy of the employer, the

plaintiff-client has sole control over settlement decisions and has the power to terminate his

attorney at any time.

In any event, and by way of further clarification, Plaintiff's counsel has continued to

make the *Venegas* arguments because such arguments are powerful and because he has an

obligation to bring to the Court's attention, binding and controlling law and precedents. A district

judge is not obligated to follow the rulings of another district judge but is obligated to follow the

Second Circuit and U.S. Supreme Court.

Plaintiff has made the *Venegas* arguments in dozens of approval motions, and to the best

of my recollection, it is reasonable to conclude that only one court (*Gurung*), has rejected

Plaintiff's counsel's arguments based on *Venegas* – apparently only to accept the arguments

about two months later in *Rivera* as explained above.

### 3.   THE MAGISTRATE-JUDGE'S STANDARD FOR EVALUATING THE PAYMENTS TO PLAINTIFF IS INCORRECT

The R&R states in relevant part as follows (ECF No. 22, pg. 2):

> To determine whether a FLSA settlement agreement is a reasonable compromise
> in a case that does not involve a certified class, the Court takes into account "(1)
> the complexity, expense, and likely duration of the litigation, (2) the stage of the
> proceedings and the amount of discovery completed, (3) the risks of establishing
> liability, (4) the risks of establishing damages, (5) the ability of defendants to
> withstand a larger judgment, and (6) the range of reasonableness of the settlement
> amount in light of the best possible recovery and all the risks of litigation." Calle
> v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL
> 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (citing Peralta v. Allied Contracting II
> Corp., No. 09-CV-953 (NGG)(RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1,
> 2011), adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)).

At the outset, we do agree with the Court that some or all of the above factors should be

taken into account. However, the grounds for waiver of wages are much more limited under the

FLSA. As with the attorney fee standard, the standard set forth in *Calle*, and even in *Wolinsky*,

12

for waiver and compromise of wages under the FLSA, is incorrect. First, we note that the decisions in both *Calle* and *Wolinsky* were issued before *Cheeks*. Second, the standards in both *Calle* and *Wolinsky* are derived in some form or the other from the standard used to assess settlements in the class action context - but the considerations under the FLSA are not the same. In this regard, some courts have relied on the class action standards for settlement approvals by equating FLSA plaintiffs to absent class members whom the court must protect in the litigation and settlement. However, unlike class actions, there is an additional dynamic under the FLSA where waiver of wages is prohibited even if there is adequate protection by lawyers and the Court.

As the Second Circuit noted in *Cheeks*, the Supreme Court at most has only recognized one *possible* ground for waiver of FLSA wages. In this regard the Second Circuit in *Cheeks* 796 F.3d at 202–03, stated in relevant part as follows:

> However, the Supreme Court again specifically declined to opine as to "the possibility of compromises in other situations which may arise, such as a dispute over the number of hours worked or the regular rate of employment." Id. at 114–15, 66 S.Ct. 925.

Notably, financial hardship is not a valid basis under the FLSA for waiving wages – even if logically it should be. At the outset, financial hardship is not a defense to liability under the FLSA and evidence of financial hardship is not considered by a jury in determining FLSA liability. See also, *Cheeks* 796 F.3d at 205 (preventing the waiver of wages even where the plaintiff faces "extenuating economic and social circumstances"). If financial hardship and disputes over coverage are not valid bases for waiving FLSA wages, all of the grounds identified in *Calle* and *Wolinsky* cannot be valid grounds for waiving FLSA wages.

Fortunately, however, and consistent with the Second Circuit's ruling in *Cheeks* and the Supreme Court's rulings in *Gangi* and *Brooklyn Savings*, there is a bona fide dispute as to hours and wages in this case that is sufficient to justify any waiver of wages under the FLSA. Specifically, the wage records purport to show that Plaintiff did not work overtime for the period until around early 2015 (ECF No. 21-1), and that from then on, Plaintiff was paid a proper overtime rate for his overtime hours. (ECF No. 21-2). By contrast, Plaintiff claims that for the first period, the paystubs did not show any of the overtime hours he worked, and that for the second period, the pay stubs only showed some of the overtime hours he worked. We therefore have a classic dispute as to hours and wages that turns on the credibility of the parties. If a jury believes Defendants and their purported records, Plaintiff will receive no wages. On the other hand, if a jury believes Plaintiff in full, Plaintiff can receive about $48,806.50 in unpaid overtime wages - $12,757.25 of which is under the two-year FLSA statutes of limitation period. As such, the parties resolved the bona fide dispute by reaching a compromise where Plaintiff is receiving $24,590 after a 1/3 contingency fee of $12,295 after costs of $615.

In terms of monetary provisions, the Court's role under *Cheeks*, is to determine if the employer is paying enough in wages under the settlement – whether there is a waiver of FLSA-protected wages, and if so, whether the waiver in favor of the employer is improper. That is an extremely difficult task for courts. See *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."). *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-CV-9483, ECF No. 38, (Judge Karas, May 2, 2017) ('When assessing a proposed settlement for fairness, there is generally "a 'strong presumption in favor of finding a settlement fair,' as 'the Court is generally not in as good a position as the parties to

14

determine the reasonableness of an FLSA settlement.'" *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.*, No. 11-CV-529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)); see also *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same)').

### 4. THERE IS AN URGENT NEED FOR COURTS TO ARTICULATE A CONSISTENT AND COHERENT STANDARD FOR APPROVAL OF FLSA SETTLEMENTS UNDER *CHEEKS*

The R&R stated in relevant part as follows (ECF No. 22, pg. 8):

> My Order directing plaintiff's counsel to supplement his motion had nothing to do with his role in Cheeks. 2 This review of the parties' settlement is not about plaintiff's counsel. Cheeks review is about whether the instant settlement is fair and reasonable in light of the circumstances of this case, not the "over 400 employment and wage cases" plaintiff's counsel reminds the Court he has worked on. ECF No. 21-1 ¶ 110. The Court did not question plaintiff's counsel's experience. My Order merely sought the necessary information to conduct the fairness review that Cheeks requires. Standards exist for a reason; the Court will not accept counsel's past awards in place of the required case-specific records and analysis. Counsel must provide his contemporaneous billing records for the Court to confirm that the attorney's fee portion of the settlement is commensurate with the work done on this case and that the fee is reasonable. The Court will not rubber stamp counsel's representations when conducting its Cheeks review.

At the outset, Plaintiff's counsel mentioned his other cases, qualification and experience because judges requesting time records also require such information to determine the appropriate rate for the attorney in the context of evaluating legal fees. For example, the Magistrate-Judge relied heavily on Judge Engelmayer who in *Rivera v. SA Midtown LLC et al*, 16-cv-02097, (Judge Engelmayer – SDNY January 27, 2017), directed "plaintiff's counsel to provide, by February 3, a more detailed *summary of his qualifications and experience*, as further set forth in this Order."

In terms of "rubber-stamping," this issue has emerged under *Cheeks*, not as to attorney's fees but as to the Court's most important function under *Cheeks* – to determine if there is an improper waiver of wages by the employee in favor of the employer. In this regard, we are not aware of any FLSA case in this Circuit where a court under *Cheeks*, found that there was an improper waiver of wages by the employee in favor or the employer – a virtual statistical impossibility. Even though the parties would like courts to approve their settlements, such a lopsided record, creates the unfortunate impression that the judges are too protective of the employer instead of the employee, and are rubber-stamping any amount paid by the employer in FLSA settlements.

In terms of standards, it is incorrect to state that there is a single known standard for court approval under *Cheeks*. While it is settled that dismissal of FLSA claims with prejudice, requires court approval, there is a split amongst the judges in the Second Circuit as to whether court approval is required for FLSA dismissals without prejudice, and FRCP 68 offers of judgements. When court approval is required, judges are split on a number of issues. First, there is a split amongst judges as to legal fees under *Cheeks*. A minority of judges take the view that *Cheeks* imposes a 1/3 cap on fees – there is no indication that any of these judges were aware of *Venegas* or that they addressed *Venegas* and the FLSA's lodestar standard at the time they adopted the 1/3 rule. A majority of judges apply the FLSA's lodestar standard set forth by the Supreme Court and Second Circuit, and those who are made aware of *Venegas*, appear to be incorporating it into their analysis. Second, judges are also split on the form and nature of non-monetary provisions such as general releases, non-disparagement, no-reemployment, and other similar clauses.

Third, judges also disagree as to the form and manner of a *Cheeks* review. Some only require the submission of the settlement agreement, while some others require a formal motion. Some judges require a hearing and some judges even require a hearing with the parties

16

themselves present. Some judges require time records when the plaintiff's attorney is receiving a 1/3 fee while most other judges do not. Some judges issue ECF text only orders approving FLSA settlements while others issue more elaborate rulings.

Additional complications are introduced when the Magistrate-Judge is issuing an opinion in the form of a report and recommendation which must then be approved by the district judge. In this regard, the Magistrate-Judge has to apply the standards used by each of the more than two dozen district judges in EDNY. It is not uncommon for lawyers and Magistrate-Judges to have discussions trying to figure out the *Cheeks* approval requirements of various district judges.

By way of example, I was counsel for plaintiff in *Flores v. Steinway Dental Laboratory Inc. et al*, 15-CV-4364 (RRM)(LB). In *Flores*, the district judge applied a lodestar standard consistent with the retainer agreement in approving the settlement under *Cheeks*. If the district judge in *Flores* had referred the approval motion for a Report and Recommendation, the Magistrate-Judge in *Flores* who also presides in this case, would have been required to apply the hourly fee standard based on the lodestar and *Venegas* instead of the 1/3 fee rule she has utilized in this case.

Courts have a duty to provide litigants with notice of the relevant standard as a fundamental due process requirement – that duty is especially high where the court claims that Plaintiff's counsel did not comply with the standards which resulted in a "disservice to the plaintiff." Given that *Cheeks* approval is now a standard requirement in FLSA cases, judges should amend their individual rules, to set forth the type of FLSA dispositions for which they require approval, and the submissions that are required for approval. Judges should also set forth their position on the issues raised herein, such as fees, releases and other provisions. Such an approach through the individual rules would provide for a clear standard that is consistently

17

applied to everyone, and knowledge of the standard will save everyone a lot of time and expense in handling the settlement and approval process.

## IV.    CONCLUSION

Based on the foregoing, it is respectfully requested that this Honorable Court adopt the Magistrate-Judge's conclusion that the settlement is fair and reasonable under *Cheeks* but, reject the Magistrate-Judge's 1/3 standard for evaluating attorney's fees, as well as the standard for evaluating whether there was an improper waiver of wages by Plaintiff in favor of Defendants. The Court should also grant Plaintiff such other, further, and different relief in his favor, as the Court deems just and proper.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**    **Defense Counsel via ECF**